IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEKRE BEKELE, a.k.a. FRED BEKELE, an individual, CONVENIENT PARKING, L.L.C., a California Limited Liability Company, and IMCO, L.L.C., a Joint Venture organized as a California Limited Liability Company, individually and on behalf of the City and County of San Francisco,

    Plaintiffs,

  v.

NATHANIEL P. FORD, SR., a.k.a. NAT FORD, individually and as Executive Director/Chief Executive Officer of the SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO TRANSPORTATION AGENCY, DENNIS HERRERA and DOES 1–50, inclusive,

    Defendants.

No. C 11-01640 WHA

**ORDER GRANTING DEFENDANT HERRERA'S MOTION TO STRIKE AND GRANTING DEFENDANT HERRERA'S MOTION FOR ATTORNEYS FEES**

## INTRODUCTION

In this civil rights action, defendant City Attorney Dennis Herrera moves to strike two of plaintiffs' claims pursuant to California's anti-SLAPP statute. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

Plaintiff Fekre Bekele is a San Francisco resident with an ownership interest in both Convenient Parking, L.L.C. and IMCO, L.L.C. Convenient Parking and IMCO are also named as

1  plaintiffs in the present action. In April 2010, defendant San Francisco Municipal Transportation
2  Agency issued a request for proposals for the operation and management of parking facilities in
3  San Francisco. In June 2009, plaintiff IMCO, along with several other companies, submitted a
4  proposal. In September 2009, IMCO learned that it had won a portion of the contract designated
5  "Group A," and that an agreement would be finalized shortly (Third Amd. Compl. ¶¶ 12–14, 28,
6  32, 34).

7  By winning a portion of the "Group A" contract, IMCO had outbid a number of other
8  companies, including Pacific Park Management and Five Star Parking. Five Star, however, won
9  a portion of "Group B," and Pacific a portion of "Group C" (*id.* at ¶ 38). During the month of
10 September, several emails were exchanged between attorney Steven Kay, who represented
11 Pacific, defendant Nathaniel Ford, Director of the SFMTA, and other SFMTA officials discussing
12 reservations about the outcome of the RFP (*id.* at ¶¶ 39–41). In December 2009, IMCO learned
13 that the RFP had been rejected by the SFMTA. Ultimately, IMCO's previously accepted proposal
14 was rejected and another RFP was held (*id.* at ¶ 49). The new RFP increased the threshold limits
15 of liquid capital requirements to bid on contracts. The new limits "made it more difficult for
16 IMCO to bid, and impossible for [plaintiff] Bekele to bid on any part of the contract as a prime"
17 (*id.* at ¶ 65).

18 Unhappy with this turn of events, plaintiffs sought assistance from defendant Dennis
19 Herrera, the San Francisco City Attorney. Defendant conducted an investigation of the SFMTA's
20 actions. City Attorney Herrera "did not disclose" a September 2009 campaign contribution
21 for $500 from Pacific. He allegedly should have disqualified himself from the investigation.
22 In March 2011, defendant issued a report on his investigation absolving defendants Ford and
23 SFMTA from any wrongdoing (*id.* at ¶¶ 68–69).

24 In April 2011, plaintiffs brought an action for eleven claims of relief against defendants
25 Ford, SFMTA, and the City and County of San Francisco (Dkt. No. 1). Plaintiffs have amended
26 their complaint three times, adding defendant Herrera and an additional claim for relief
27 (Dkt. Nos. 4, 16, 24). Defendant Herrera moves to strike defendant's tenth claim for violation
28 of the California Political Reform Act and eleventh claim for violation of the San Francisco

2

1 Government Ethics Ordinance pursuant to California Code of Civil Procedure Section 425.16.
2 This order follows full briefing and a hearing.

**ANALYSIS**

A "strategic lawsuit against public participation" — otherwise known as a "SLAPP suit" — is a "meritless suit filed primarily to chill the defendant's exercise of First Amendment rights." *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 783 (1996). California Code of Civil Procedure Section 425.16(b)(1) — the "anti-SLAPP" statute — allows defendants to strike any cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Section 425.16(e)(1) defines "act in furtherance of a person's right to petition or free speech" as "any written or oral statement made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law."

The analysis under the anti-SLAPP statute is two-pronged. *First*, defendant must make a threshold showing that the challenged claim was one arising from "protected activity." *Second*, if defendant is able to do so, the burden shifts to plaintiffs to make a prima facie showing of facts that would support a judgment in their favor if proved at trial. *Vargas v. City of Salinas*, 46 Cal. 4th 1, 14 (Cal. 2009).

Defendant moves to strike plaintiffs' tenth and eleventh claims for relief. Each claim is considered in turn.

1. **MOTION TO STRIKE CLAIM FOR VIOLATION OF CALIFORNIA POLITICAL REFORM ACT.**

Plaintiffs tenth claim is for violation of the California Political Reform Act. The Act states: "No public official at any level of state or local government shall make, participate in making or in any way attempt to use his official position to influence a governmental decision in which he knows or has reason to know he has a financial interest." CAL. GOV'T CODE § 87100. Defendant moves to strike this claim, contending that it arises from his investigation and publication of findings of plaintiff Bekele's governmental claim.

3

### A. Claim Arising from Protected Activity.

Defendant first has the burden of showing that plaintiffs' tenth claim for relief arises out of activity protected by Section 425.16. In the anti-SLAPP context, the critical point is whether plaintiffs' claim for relief itself was *based on* an act in furtherance of defendant's right of free speech. *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (Cal. 2002). The parties disagree as to whether the Reform Act claim arises out of behavior protected by Section 425.16. Plaintiffs maintain that defendant violated the Act by "conducting an official investigation" while "failing to disclose his . . . interests in the City's decision" and that the "claims arose in action, or the failure to act, not in speech" (Opp. 4). Defendant maintains that "absent the investigative report, [p]laintiffs would have no factual basis" for their claims (Reply Br. 4).

When a claim for relief is based on both protected and unprotected activity, it is subject to Section 425.16 unless the protected conduct is "merely incidental" to the unprotected conduct. *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures*, 184 Cal. App. 4th 1539, 1551 (2010). In the present action, the potentially protected conduct was the City Attorney's writing of the investigative report. The potentially unprotected conduct unrelated to speech was defendant's investigation and alleged failure to disclose his financial interest. Section 425.16 extends to public employees who create reports on issues of public interest relating to their official duties. *See, e.g., Schaffer v. City & County of San Francisco*, 168 Cal. App. 4th 992, 999 (2008) (holding that police memorandum and affidavits in support of prosecution are within the protection of the anti-SLAPP statute)*; Bradbury v. Superior Court*, 49 Cal. App. 4th 1108, 1116 (1996) (holding a District Attorney's investigative report after a police shooting covered by Section 425.16). Here, the writing of the report itself was more than "merely incidental" to the investigation and the alleged failure to disclose. The written report was a manifestation of defendant's investigation that led plaintiffs to the Reform Act claim. Indeed, plaintiffs trash the report, saying in their complaint that "[t]o describe the report as 'whitewash' is an insult to whitewashes," claiming the report "was riddled with multiple errors and falsehoods" and falsely accused plaintiff Bekele of "acts of wrongdoing" (Third Amend. Compl. ¶¶ 69–70).

4

Plaintiffs now contend that defendant's report is not the basis for the Reform Act claim (Opp. 4). Stating a claim under the Act, however, requires a two-fold showing: *first*, that the accused made a governmental decision, and *second*, that the accused knew or should have known that he had a financial interest in the outcome of that decision. Defendant communicated his governmental decision *through* the report he wrote. Without the report, nothing of substance exists on which the plaintiffs can base their claim. City Attorney Herrera has met his burden of showing that the Reform Act claim is based on activity protected by Section 425.16.

### B. Prima Facie Showing that the Facts Support a Judgment in Plaintiffs' Favor.

The burden now shifts to plaintiffs to make a prima facie showing of facts that would support a judgment in their favor if proved at trial. Plaintiffs allege that defendant violated the Reform Act by participating in a governmental decision in which he "knows or has reason to know he has a financial interest." A public official has a "financial interest" within the meaning of this section if it is "reasonably foreseeable that the decision will have a material financial effect" on any donor of "a *gift* or *gifts* aggregating two hundred fifty dollars ($250) or more in value" provided to "the public official within 12 months prior to the time when the decision is made." § 87103(e) (emphasis added). Plaintiffs allege that defendant violated this section by accepting a $500 campaign contribution from Pacific in September 2009 (Opp. 13).

Campaign contributions, however, are expressly excluded from the definition of "gift" under the Act. Section 82028(b)(4) states: "The term 'gift' does not include . . . (4) Campaign contributions required to be reported under Chapter 4 of this title." Defendant thus could not have violated the Reform Act by accepting a campaign contribution as it is not considered a "gift" under the Act.

Plaintiffs, in response, refer to Section 84308(c), which states that "[p]rior to rendering any decision in a proceeding involving a license, permit or other entitlement for use pending before an agency" each officer must disclose any contributions exceeding $250 (Opp. 14). Plaintiffs contend that City Attorney Herrera's investigation involved an "entitlement for use" because plaintiffs were entitled to a contract with the city (*id.* at 15). Section 84308(a)(5),

5

however, defines "license, permit, or other entitlement for use" to include "all contracts (*other than competitively bid*, labor, or personal employment contracts)" (emphasis added). Defendant's decision concluded an investigation into alleged misconduct of the SFMTA concerning a competitively bid contract. According to the language of the statute itself, Section 84308(c) is thus inapplicable.

Plaintiffs' Reform Act claim fails as a matter of law, and they have thus failed to make a prima facie showing of facts that would support a judgment in their favor if proven at trial. Because defendant was able to meet his burden and plaintiffs failed to meet theirs, defendant's motion to strike the Reform Act claims is **GRANTED**.

**2. MOTION TO STRIKE SAN FRANCISCO GOVERNMENT ETHICS ORDINANCE CLAIM.**

Plaintiffs' eleventh claim is for violation of the San Francisco Government Ethics Ordinance. Section 3.214 of the Ethics Ordinance mandates that a city "officer or employee shall disclose on the public record any personal, professional or business relationship with any individual who is the subject of or has ownership or financial interest in the subject of a governmental decision being made." Defendants move to strike this claim under the anti-SLAPP statute, thus the two-prong analysis must be applied to this claim as well.

**A. Claim Arising from Protected Activity.**

Defendant claims that the Ethics Ordinance claim, like the Reform Act claim, arises from an activity protected by Section 425.16. For the reasons state above, this is correct.

**B. Prima Facie Showing that the Facts Support a Judgment in Plaintiffs' Favor**.

The burden again shifts to plaintiffs to make a prima facie showing that the facts support a judgment in their favor on the Ethics Ordinance claim. Plaintiffs allege that defendant was required under the Ethics Ordinance to disclose Pacific's campaign contribution because it could render defendant's decision-making questionable (Opp. 17). Defendant shows, however, that the campaign contribution from Pacific on September 29, 2009 was recorded in the "Re-Elect City Attorney Dennis Herrera, 2009" committee's amended campaign statement (Flores Exh. A at 17). Further, plaintiff asks for monetary damages as a result of the violation of the Ethics Ordinance

6

(Third Amd. Compl. ¶ 117). But the Ethics Ordinance provides no private right of action for monetary damages, and only allows the City Attorney to bring civil actions for damages (§ 3.242). For all of the above reasons, plaintiffs have failed to make a prima facie showing that they would succeed on the merits of this claim. Defendant's motion to strike plaintiffs' Ethics Ordinance claim is thus **GRANTED**.

### 3. ATTORNEY'S FEES.

Section 425.16(c) of the anti-SLAPP statute states that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Defendant seeks to recover attorney's fees for 25 hours at $350 per hour for a total of $8750. This figure is supported by a sworn declaration by defendant's counsel (Russi Decl. ¶ 11). Because the amount requested is reasonable, defendant's motion for attorney's fees is **GRANTED**. Plaintiffs are hereby ordered to pay $8750 in attorney's fees. Payment in full must be made by **NOON ON FRIDAY, OCTOBER 28, 2011**.

### CONCLUSION

For the foregoing reasons, defendant's motion to strike plaintiffs' tenth claim for violation of the Political Reform Act and eleventh claim for violation of the San Francisco Government Ethics Ordinance is **GRANTED**. Defendant's motion for attorney's fees is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE