IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IMCO, LLC, a Joint Venture organized as a
California Limited Liability Company,
individually and on behalf of the City and County
of San Francisco,

    Plaintiff,

  v.

NATHANIEL P. FORD, SR., a.k.a. NAT FORD,
individually and as Executive Director/Chief
Executive Officer of the SAN FRANCISCO
MUNICIPAL TRANSPORTATION AGENCY;
CITY AND COUNTY OF SAN FRANCISCO;
SAN FRANCISCO MUNICIPAL
TRANSPORTATION AGENCY; and DOES
1–50, inclusive,

    Defendants.

No. C 11-01640 WHA

**ORDER ON REQUEST REGARDING
LEAVE TO FILE AMENDED
COMPLAINT OR MOTION FOR
RECONSIDERATION**

## INTRODUCTION

Plaintiff IMCO, LLC, has submitted a request seeking leave to file an amended complaint or, in the alternative, to file a motion for reconsideration of the Court's order dated September 17, 2011, denying leave to file an amended complaint as to plaintiff's claim under Section 3.214 of the San Francisco Government Ethics Ordinance (Dkt. No. 89). Defendants oppose the request (Dkt. No. 90). For the reasons stated below, plaintiff's request is **DENIED**.[*]

---

[*] Due to a large scale time-consuming criminal trial before the undersigned judge, a permission-to-file-motion requirement was imposed in this case in June 2011 (Dkt. No. 22). Another lengthy criminal trial is now underway. Thus, motions in this civil case will continue to be considered and heard on a selective basis.

**STATEMENT**

By order dated September 17, 2011, plaintiff IMCO's claim against defendant Nathaniel Ford under Section 3.214 of the San Francisco Government Ethics Ordinance was dismissed. Based on plaintiff's failure to comply with the ordinance's pre-suit requirement and on the allegations pled in the third amended complaint (the operative complaint), which were difficult to understand, the order concluded that plaintiff had failed to state a claim against Mr. Ford under Section 3.214 (Dkt. No. 64). Plaintiff now seeks leave to amend its complaint or, in the alternative, leave to file a motion for reconsideration with regard to the above-stated claim (Dkt. No. 89).

**ANALYSIS**

The order first addresses plaintiff's request for leave to file an amended complaint and then turns to plaintiff's request, in the alternative, for leave to file a motion for reconsideration.

1. **NO LEAVE TO FILE AN AMENDED COMPLAINT.**

A case management scheduling order issued on June 30, 2011. That order stated: "Leave to add any new parties or pleading amendments must be sought by September 30, 2011" (Dkt. No. 22). Pursuant to Rule 16, plaintiff must request a modification to the case management order to amend its complaint. Because Rule 16 controls subsequent amendments are not permitted without leave of court. A "schedule may be modified only for good cause and with the judge's consent." FRCP 16(b)(4). Good cause requires diligence by the moving party. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff urges that good cause is shown because plaintiff recently "gained the ability to allege with certainty facts excusing compliance with the [ordinance's] pre-suit claim submission requirements" (Dkt. No. 89 at 4). Failure to comply with the pre-suit requirement was a basis for this Court's dismissal of the claim. Plaintiff relies on caselaw for the proposition that the futility exception to the exhaustion doctrine applies where a party invoking the exception can "positively state" that the administrative agency has declared what its ruling will be in a particular case. *See Steinhart v. Cnty. of Los Angeles*, 47 Cal. 4th 1298, 1313 (2010). Plaintiff makes no showing as to why this exception would apply here, where the pre-suit notice provision is intended to

2

provide the civil prosecutor with the *option* to proceed with claims, not to provide administrative review.

Counsel also states that he can clarify and add to the allegations in the operative complaint to state a claim under Section 3.214 (Dkt. No. 89 at 4–5).

In order to put plaintiff's proposed amendments in context, it is worthwhile to return to the operative complaint and why it was found deficient. Section 3.214 states:

> A City officer or employee shall disclose on the public record any personal, professional or business relationship with any individual who is the subject of or has an ownership or financial interest in the subject of a governmental decision being made by the officer or employee where as a result of the relationship, the ability of the officer or employee to act for the benefit of the public could reasonably be questioned.

Mr. Ford is a city employee. The operative complaint alleges that "[o]n November 24, 2009, the SFMTA Board was informed that the RFP results [which awarded plaintiff IMCO a portion of the contract at issue] were being rejected by Nat Ford to eliminate performance based compensation as well as to regroup all parking garage contracts" (Third. Amd. Compl. ¶ 48). It further alleged that on December 15, 2009, Mr. Ford hired Attorney Steven Kay, who represented Pacific, a bid competitor who had won a smaller portion of the bid than IMCO, to represent him in negotiating his employment contract with the city (*id.* at ¶ 57). The complaint states the following under the Section 3.214 claim for relief (*id.* at ¶¶ 116–17):

> A court may void any governmental decision made by a City officer or employee who fails to disclose a relationship as required by Section 3.214 of the Ethics Ordinance. Ford . . . by the conduct alleged above, violated the Ethics Ordinance and w[as] the actual and proximate cause of damages to Plaintiffs in an amount to be proven at trial.

The order on the motion to dismiss concluded that plaintiff failed to state a claim against Mr. Ford under Section 3.214 because there were no facts pled sufficient to show that Attorney Kay had a "financial interest in the subject of a governmental decision" made by Mr. Ford and because plaintiff failed to comply with the pre-suit requirement, as discussed above. S.F. CAMPAIGN & GOVERNMENTAL CONDUCT CODE § 3.214. Furthermore, the complaint alleged no facts to show that Mr. Ford had a relationship, personal or professional, with Attorney Kay at the time Mr. Ford made his alleged governmental decision to reject the RFP.

3

1    Plaintiff requests leave to amend the operative complaint to add the following allegations.
2 *First*, if permitted, plaintiff has indicated it would allege that "Ford had a professional
3 relationship (within the meaning of the statute) with Steven Kay, and that, without disclosing this
4 relationship, Ford improperly acted in matters in which Mr. Kay had an ownership or financial
5 interest (as statutorily defined)" (Dkt. No. 89 at 5). But this allegation, if added to the complaint,
6 would still not state a claim under Section 3.214 because it would not plead facts sufficient to
7 show that the relationship at issue existed at the time the alleged governmental decision was made
8 or that Attorney Kay had a financial interest in that decision.

9    *Second*, plaintiff would allege that in early January 2010, Ford decided to "reverse his
10 decision to reject the [parking management] award and instead recommend its approval" to the
11 SFMTA Board (*ibid.*). This would be a new theory, not pled in the operative complaint. Still, it
12 would not plead facts sufficient to show that Attorney Kay had an ownership or financial interest
13 in the alleged governmental decision.

14    *Third*, plaintiff would allege that "over the course of the first three months of 2011, Ford
15 made several other decisions that mandated disclosure of his relationship to Kay" (*id*. at 5–6.).
16 There is a question as to whether this mere assertion of undisclosed "decisions," would be
17 sufficient to state a claim under Section 3.214. But even if it were, the claim would still be
18 deficient for lack of pleading allegations sufficient to show that Attorney Kay had an ownership
19 or financial interest in any of the alleged governmental decisions made by Mr. Ford.

20    Indeed, even if a fourth amended complaint were permitted, the proposed amendments
21 would still fail to state a claim against Mr. Ford for violation of Section 3.214.

22    In further support of its request for leave to file an amended complaint, plaintiff states that
23 previous amendments to the complaint were not submitted in response to substantive challenges
24 to their claims and that IMCO has only once amended its complaint. Given the fact that IMCO's
25 counsel is the same counsel that filed the original and three previous amended complaints, it is
26 presumed that counsel was already familiar with many of the underlying facts of the case and
27 could have made a diligent effort to clarify plaintiff IMCO's allegations at some time before now.
28 Plaintiff did not do so.

4

### 2. NO LEAVE TO FILE MOTION FOR RECONSIDERATION.

Plaintiff also seeks, in the alternative, leave to file a motion to reconsider. Civil Local Rule 7-9 requires that the party moving for reconsideration must specifically show that at the time of the motion for leave, "a material difference in fact or law exists from that which was presented to the Court . . . [and] that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time." Plaintiff makes no showing as to a "material" difference in fact or law.

### CONCLUSION

For the foregoing reasons, plaintiff's request for leave to file an amended complaint, or in the alternative, to file a motion for reconsideration as to the above stated issue, is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: November 16, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5